﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 191106-42033
DATE: May 29, 2020

ORDER

Entitlement to an effective date of May 15, 2019, but no earlier, for a 10 percent rating for left thumb (extensor pollicis longus) laceration residuals is granted.

Entitlement to an effective date of May 15, 2019, but no earlier, for a 10 percent rating for a painful left thumb scar is granted.

FINDINGS OF FACT

1. In an unappealed April 1977 rating decision, the Veteran was granted entitlement to service connection for left thumb (extensor pollicis longus) laceration residuals and assigned a noncompensable rating.

2. In an unappealed December 2013 rating decision, the Veteran’s claim for an increased rating for his service-connected left thumb (extensor pollicis longus) laceration residuals was denied.

3. In a May 2019 rating decision, the Veteran was granted service connection for a residual left thumb scar and assigned a noncompensable rating, and his claim for an increased rating for his service-connected left thumb (extensor pollicis longus) laceration residuals was denied. 

4. In August 2019, the Veteran filed an increased rating claim for his service-connected left thumb (extensor pollicis longus) laceration residuals and painful left thumb scar; and, the record indicates that a factually ascertainable increase in disability occurred within one year prior to the August 2019 claim. 

CONCLUSIONS OF LAW

1. The criteria for an effective date of May 15, 2019, but no earlier, for left thumb (extensor pollicis longus) laceration residuals have been met. 38 U.S.C. §§ 5107, 5110 (2018); 38 C.F.R. §§ 3.155, 3.400, 4.71a, Diagnostic Code 5228 (2019). 

2. The criteria for an effective date of May 15, 2019, but no earlier, for a painful left thumb scar have been met. 38 U.S.C. §§ 5107, 5110 (2018); 38 C.F.R. §§ 3.155, 3.400, 4.118, Diagnostic Code 7804 (2019). 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active military service from April 1969 to November 1970, to include service in the Republic of Vietnam. The Veteran was awarded a Purple Heart Medal for his service. This case comes before the Board of Veteran’s Appeals (Board) on appeal from an October 2019 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). In November 2019, the Veteran submitted a VA Form 10182 and requested direct review by the Board of evidence considered by the Agency of Original Jurisdiction (AOJ). The Board notes that in the Veteran’s November 2019 VA Form 10182, he indicated that he was only disputing the effective dates and not the ratings assigned in the October 2019 rating decision.

As a general rule, for increased rating claims an earlier effective date may be assigned when it is factually ascertainable that an increase in disability occurred and the claim for increase was received within one year from that date, but otherwise the effective date is the date of receipt of the claim. 38 C.F.R. § 3.400(o)(2) (2019). 

The Veteran asserts that the effective date of his claimed disabilities should be August 1976, the date of his original claim for a left thumb disability. 

In August 1976, the Veteran submitted a claim for entitlement to service connection for various disabilities, to include a knife wound on his left thumb. Based on that claim, in an April 1977 rating decision, the Veteran was granted service connection for left thumb (extensor pollicis longus) laceration residuals and assigned a noncompensable rating. The Veteran did not appeal the April 1977 rating decision and it became final. 

In March 2013, the Veteran submitted a claim for various disabilities to include arthritis and limited range of motion secondary to surgery for his service-connected left thumb (extensor pollicis longus) laceration residuals. Based on that claim, in a December 2013 rating decision, the Veteran was denied an increased rating for his left thumb (extensor pollicis longus) laceration residuals because there was no medical evidence of arthritis or limited range of motion. The Veteran did not appeal the December 2013 rating decision and it became final. 

In April 2019, the Veteran submitted a claim for various disabilities to include arthritis, joint disease, joint pains, muscle condition, muscle injury, muscle pain, nerve damage, scars, and tendinitis secondary to his service-connected left thumb (extensor pollicis longus) laceration residuals. Based on that claim, in a May 2019 rating decision, the Veteran was granted service connection for a painful left thumb scar and assigned a noncompensable rating, and denied an increased rating for his service-connected left thumb (extensor pollicis longus) laceration residuals. 

In August 2019, the Veteran submitted a claim for an increased rating for his service-connected left thumb (extensor pollicis longus) laceration residuals. Based on that claim, in an October 2019 rating decision, the Veteran’s service-connected left thumb (extensor pollicis longus) laceration residuals and painful left thumb scar were increased to a 10 percent rating. The effective date assigned for those issues was August 20, 2019, the date the VA received the Veteran’s claim. 

Accordingly, the date of claim for increase in this case is August 20, 2019. The Board must now consider whether the increase in the severity of the Veteran’s disabilities was factually ascertainable within one year prior to the date of claim for such increase. 

On May 15, 2019, the Veteran was afforded a VA scar examination. At that, time the VA examiner noted that the Veteran’s left thumb scar was located at the base of his thumb. The scar was noted to be 4.5 centimeters (cm) by 0.1 cm in size, it was tender to palpation, but was not unstable. 

On May 15, 2019, the Veteran was also afforded a VA hand and finger examination. At that time, the Veteran reported that his left thumb disability was getting worse. He reported that he experienced increased stiffness, throbbing pain, and limited range of motion. He reported that he took Ibuprofen for pain. The Veteran was noted to be left-handed. The examiner reported flare-ups of his left thumb disability that resulted in intensified pain and increased stiffness, and he reported that he was unable to write of type during a flare-up. Upon physical examination, the Veteran had an abnormal range of motion in his left thumb as his metacarpophalangeal (MCP) joint flexion was limited to 75 degrees, and proximal interphalangeal (PIP) joint flexion limited to 70 degrees. The VA examiner noted that the Veteran’s limited range of motion itself, as well as pain, contributed to functional loss of opposition with the thumb. The VA examiner assessed that there was objective evidence of mild pain and tenderness at the base of the left thumb. Additionally, the VA examiner noted that pain, weakness, fatigue, and incoordination were factors that significantly limited the Veteran’s functional ability during flare-ups. However, the VA examiner was unable to measure the limitations of the range of motion associated with the Veteran’s flare-ups at that time. The examiner noted that the Veteran’s left thumb disability impacted his ability to work in that he lost up to one week a year as a result of his thumb, and his thumb disability limited his ability to type, write, and drive during flare-ups.

In September 2019, the Veteran was afforded another VA examination for scars and disfigurement. At that time, the VA examiner assessed that the Veteran’s left thumb scar was painful and tender to palpation. Also in September 2019, the Veteran was afforded another VA examination for hand and finger conditions. At that time, the VA examiner found that the Veteran had abnormal range of motion in his left thumb as his flexion was limited to 40 degrees. The VA examiner noted that the Veteran’s limited range of motion itself contributed to functional loss. Additionally, the VA examiner found that there was pain on examination of opposition with the thumb and assessed that pain significantly limited the functional ability of the Veteran’s left hand with repeated use over a period of time. The VA examiner stated that the functional loss was productive of decreased grip when writing, picking up, or carrying items. 

In this case, as discussed above, the Board finds that objective evidence of the Veteran’s painful scar and weakness and painful motion of the left thumb was factually ascertainable from the May 15, 2019, VA examinations. In particular, the Board finds that, although not explicitly stated, the evidence of tenderness upon palpation in conjunction with the notation of mildly severe pain at the base of the Veteran’s left thumb (where his scar is located) makes it more plausible that the Veteran had a painful scar at the time of his May 15, 2019, VA examination. Additionally, the Veteran’s claims for increased ratings for his service-connected left thumb (extensor pollicis longus) laceration residuals and painful left thumb scar was received on August 20, 2019, within a year of those VA examinations. As such, the Board finds that the effective date for the above-mentioned claims should be May 15, 2019. 

Accordingly, the Board finds that the preponderance of evidence is for the claims and entitlement to an effective date of May 15, 2019, for the grant of a 10 percent rating each for the Veteran’s service-connected left thumb (extensor pollicis longus) laceration residuals and painful left thumb scar is warranted. 38 U.S.C. § 5107(b) (2018); Gilbert v. Derwinski, 6 Vet. App. 49 (1990). 

 

 

Kristin Haddock

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Byrd, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.